```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MARTIN WASHINGTON,                            :
                                              :
                        Petitioner,           :        No. 20-CV-0718 (JLR) (OTW)
                                              :
            -against-                         :        OPINION & ORDER
                                              :
E. BELL,                                      :
                        Respondent.           :
-----------------------------------------------------------x
```

**ONA T. WANG**, **United States Magistrate Judge:**

On May 13, 2024, I issued a Report & Recommendation recommending that Petitioner's *habeas corpus* petition be denied in its entirety. (ECF 27).

Petitioner has also requested permission to file a discovery motion. (ECF Nos. 9 and 16). Specifically, Petitioner wishes to move this Court to issue a subpoena for Petitioner's cell phone bill payment history "to substantiate the fact that the complainant committed perjury when he claimed I regularly paid my cell phone bill at his electronic store; which was where the alleged crime took place." (ECF 9 at 1).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") provides that:

> (e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
> (A) the claim relies on--
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

   (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)

"[W]hether a state court's decision was unreasonable must be assessed in light of the record the [state] court had before it." *Holland v. Jackson*, 542 U.S. 649, 652 (2004). A state petitioner proceeding under Section 2254 who wishes to submit additional evidence to the federal court must show that either: 1) he was not at fault in failing to develop that evidence in state court; or, 2) if he was at fault, the conditions prescribed by Section 2254(e)(2) are met. *Id.*

  Here, Petitioner cannot make either showing. Petitioner does not explain in either of his letters why he was not at fault for failing to subpoena his cell phone payment records in the underlying state proceeding. Nor has Petitioner shown that the conditions prescribed by Section 2254(e)(2) are met. Petitioner's claim does not rely on a new retroactive rule of constitutional law. Nor has Petitioner shown that his cell phone payment records could not have been previously discovered in the underlying state proceedings through the exercise of due diligence.

  Even if Petitioner were able to meet either of the conditions in Section 2254(e)(2)(A)(i) or (ii), Petitioner has not shown that the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. First, as discussed in the Report & Recommendation, Petitioner has not alleged a *federal* constitutional error with respect to the identification hearing. Second, Petitioner's assertion that the cell phone records

would negate the entirety of the store owner's testimony and identification of Petitioner does not meet the high bar of showing that *no* reasonable factfinder would have found him guilty had he been granted a *Rodriguez* or *Wade/Huntley* hearing.

For the reasons set forth above, Petitioner's request for discovery pursuant to Section 2254(e) is **DENIED**.

**SO ORDERED.**

Dated: New York, New York
May 13, 2024

                                         */s/ Ona T. Wang*
                                               **Ona T. Wang**
                                      United States Magistrate Judge